## CLARK CAR CO. v. CLARK et al.
### No. 4458.

Circuit Court of Appeals, Third Circuit.
March 20, 1931.

John M. Freeman, John T. Duff, Jr., Albert C. Hirsch, and Watson & Freeman, all of Pittsburgh, Pa., for appellant.

John O. Wicks and Weller, Wicks & Wallace, all of Pittsburgh, Pa., for appellees.

Before WOOLLEY and DAVIS, Circuit Judges, and JOHNSON, District Judge.

DAVIS, Circuit Judge.

This is an appeal from a decree of the District Court disallowing a set-off to the Royal Indemnity Company, surety and appellant, which its principal, the Clark Car Company of Pennsylvania, had against its creditor, Frank J. Lanahan.

This case was here before in a suit to determine title to certain property. 11 F. (2d) 820. After the questions as to title had been determined, the case was sent back to the District Court with directions to refer it to a special master to make an accounting between Lanahan and the Clark Car Company. While the proceedings were in progress, Lanahan filed a petition in the District Court for a receiver for the Clark Car Company. This was denied on May 8, 1926, on condition that a bond be filed by the company, "conditioned for the payment to Frank J. Lanahan of any sum or sums of money which may finally be ascertained to be due him from the Clark Car Company of Pennsylvania in the accounting directed by the decree of court in this case." The bond as required was filed on May 14, 1926, in which the Clark Car Company and Charles H. Clark were principals and the appellant was surety.

On December 7, 1927, the master filed his report, to which appellant filed exceptions. The District Court dismissed these exceptions, and from this decree an appeal was taken to this court. The exceptions were decided seriatim, and the case was sent back to the District Court, with directions that it be remanded to the master for an amended accounting on the same reference. On further hearings, the master found that the Clark Car Company was insolvent. He filed his final report on February 8, 1930, and at the same time orally moved the court to appoint a receiver for the Clark Car Company. The motion was granted, and the master was appointed receiver.

Exceptions were filed to this final report, which the court dismissed, and decreed the Clark Car Company owed Lanahan $115,785, and that Lanahan owed the Clark Car Company $11,695.05. It ordered that these be paid; that is, that the appellant, surety of the Clark Car Company, pay $115,785 to Lanahan, and that Lanahan pay $11,695.05 to the receiver of the Clark Car Company.

Thereupon, on July 10, 1930, the appellant filed a petition asking the court to modify the decree by allowing to it a set-off of $11,695.05 which Lanahan owed the Clark Car Company. This was denied, and the surety appealed from the decree ordering it to pay Lanahan $115,785 without allowing the set-off.

The question at issue is whether or not the $11,695.05 which Lanahan owed the Clark Car Company should have been allowed to its surety as a set-off against the $115,785 the Clark Car Company owed Lanahan and which the surety bound itself to pay.

The general rule of law is that, where a surety alone is sued, in the absence of statute permitting it, he cannot avail himself of any claim of his principal against the creditor where he has not interest in the claim. The surety must pay the claim and look to his principal for reimbursement. But where there are special circumstances, such as the insolvency of the principal, which would make it inequitable to deny the set-off, it will be allowed. When the surety has no recourse to his principal, it would be inequitable to deprive him of what was a perfectly good set-off between the principal and his creditor. Fidelity & Deposit Company v. Duke, 293 F. 661 (C. C. A. 9); Tidewater Coal Exchange v. New Amsterdam Casualty Company (D. C. Del.) 20 F.(2d) 951, 954; 50 Corpus Juris, § 334; 21 R. C. L. p. 1079, § 120; 24 R. C. L. p. 862, § 66.

But the appellee says that, before the bond was given in this case, this court had decided that the assets of the Clark Car Company were a trust fund for the creditors of the company, who were strangers to the transaction in the original suit; that the claim which the company had against Lanahan was part of these assets and so constituted a part of the trust fund for the benefit of creditors; that the surety is not entitled to set off the claim which its principal had against Lanahan because the claim is not of the same right

and character, and that consequently the exception to the above rule is inapplicable to the set-off sought in this case.

However, when the trust was created, the rights and interests between the principal and creditor were mutual, of the same right and kind, certain and determinate. On the trust fund theory, creditors take assets of the insolvent as they stood on the creation of the trust. The receiver takes the assets in trust for creditors, in the absence of statute to the contrary, subject to all claims and defenses that might have been interposed against the insolvent corporation. The right of set-off is of statutory origin, but courts of equity, independently of statute, will grant relief and prevent the defeat of the equitable right of set-off by the interposition of assignments and receiverships, whenever there appears any substantial equity in favor of the claim. Central Appalachian Company et al. v. Buchanan (C. C. A.) 90 F. 454, 459; Scammon v. Kimball, 92 U. S. 362, 23 L. Ed. 483; Scott v. Armstrong, 146 U. S. 499, 13 S. Ct. 148, 36 L. Ed. 1059. Story's Equity Jurisprudence, § 1437; Gray v. Rollo, 85 U. S. (18 Wall.) 629, 632, 21 L. Ed. 927.

Accordingly, the surety's claim here comes within the exception to the general rule and should have been allowed.

The decree is reversed, and the case remanded to the District Court, with directions to allow the set-off.