MAMDOUH L. ISHAK, Plaintiff-Appellant, *v.* ELGIN NATIONAL BANK, Defendant-Appellee.

Second District   No. 76-92

Opinion filed May 9, 1977.

Charles M. Zimmerman and John M. McGuirk, both of Juergensmeyer, Zimmerman & Smith, of Elgin, for appellant.

Clarence F. Wittenstrom, Jr., of Gromer, Abbott, Wittenstrom & Strom, of Elgin, for appellee.

Mr. JUSTICE BOYLE delivered the opinion of the court:

Mamdouh L. Ishak, plaintiff, filed a complaint for declaratory judgment and a petition for temporary injunction against the defendant, Elgin National Bank (Bank), on October 2, 1975, requesting that he be discharged from any liability on a personal guaranty of a corporate obligation due to the Bank's impairment of Interstate GMC, Inc.'s collateral. On October 7, 1975, subsequent to the filing of the plaintiff's complaint for declaratory relief and after service of the complaint was had on the defendant, the Bank confessed judgment on the corporate note and personal guaranty. Plaintiff's motion on October 21, 1975, to vacate the confession of judgment and to consolidate that action with his complaint for declaratory judgment was denied by the trial court, and the court also found that his complaint did not state a cause of action. It is from these orders that the plaintiff appeals. The trial court entered an order of injunction maintaining the status quo pending the disposition of this appeal.

On December 31, 1974, Interstate GMC, Inc. (debtor), executed and delivered a promissory note payable to the Bank in the amount of $35,000. The note evidenced a loan and was to become due 365 days after the date of execution. On the same day, the plaintiff, as an officer of the corporation, signed a financing statement and security agreement, which covered all accessories and equipment in which the corporation then had any interest or in which it should later acquire any interest. The plaintiff also executed a written personal guaranty running to the Bank. This guaranty limited the plaintiff's liability to $35,000.

The guaranty contained the following provision relevant for our purposes:

"The liability hereunder shall in *no* wise *be affected* or impaired by any acceptance by said Bank of any security for or other guarantor's upon any of said indebtedness, obligations or liabilities, *or by any failure, neglect or omission on the part of said Bank to realize upon or protect any of said indebtedness, obligations or liabilities or any collateral or security therefor*, or to exercise any lien upon or right of appropriation of any monies, credits or property of said debtor possessed by said Bank, toward the liquidation of said indebtedness, obligations or liabilities, or by any application of payments or credits thereon." (Emphasis added.)

The Bank failed to file the financing statement with the Secretary of State as required by section 9—401 of the Uniform Commercial Code (Ill. Rev. Stat. 1973, ch. 26, par. 9—401). Thereafter, the corporation experienced financial difficulties, and a general assignment of all the corporation's assets for the benefit of their creditors was made. As a result, the collateral for the loan was dissipated and the Bank looked to the plaintiff for payment of the loan based on his personal guaranty. The plaintiff, believing that the Bank might take legal action against him based on his personal guaranty, sought this action for declaratory relief.

■■ The first issue presented is whether the trial court erred in denying the plaintiff's motion to vacate the confession of judgment and to consolidate the action for confession of judgment into the declaratory action, where the declaratory action was pending before the confession judgment was entered. The plaintiff contends that section 48 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 48(1)(c)) requires that an action be dismissed as a matter of right where "there is another action pending between the same parties for the same cause." This court agrees with the plaintiff that the trial court should have dismissed the confession of judgment and consolidated the two causes for determination. The dismissal of the confession of judgment would not have been disadvantageous to the Bank, since it could have filed a counterclaim in the declaratory judgment action. (*Gerber v. First National Bank* (1975), 30 Ill. App. 3d 776, 332 N.E.2d 615.) However, this ruling by the trial court on this procedural issue does not have to be corrected and constitutes harmless error because of this court's determination on the substantive issue that the plaintiff's complaint does not state a cause of action.

■■ The second issue presented is whether the trial court erred in finding that the plaintiff's complaint for declaratory judgment did not state a cause of action. The plaintiff in his complaint contends that under section 3—606 of the Uniform Commercial Code (Ill. Rev. Stat. 1973, ch. 26, par. 3—606) the guaranty he entered into with the bank was a negotiable instrument. If the guaranty was a negotiable instrument, the plaintiff could assert the defense that the Bank's failure to file a financing statement constituted an impairment of the collateral and relieved the plaintiff of subsequent liability upon default on the note under section 3—606(1)(b).

There is no dispute between the parties that the Bank was the "holder" of the instrument under section 3—606. The dispute centers on whether the plaintiff was a "party to the instrument," to wit, the promissory note. Counsel for the plaintiff asks this court to consider the applicability of the Uniform Commercial Code to this guaranty and to direct the trial court accordingly. This court can find no justifiable basis for calling this

guaranty a negotiable instrument or even part of a negotiable instrument. The term "instrument" is expressly defined in section 3—102(1)(e). Clearly, the plaintiff's Exhibit #B in this case (the guaranty agreement) is not a negotiable instrument. (*Associates Discount Corp. v. Elgin Organ Center, Inc.* (7th Cir. 1967), 375 F.2d 97.) It is a separate contract for value entered into by the plaintiff independent of the promissory note.

Counsel for the plaintiff cites *First Bank & Trust Co. v. Post* (1973), 10 Ill. App. 3d 127, 293 N.E.2d 907, where a one-sentence guaranty was entered into on the back of the negotiable instrument by one of the parties as being dispositive of this issue. In the *Post* case, the defendant signed the promissory note as an individual on the front of the note, where the parties clearly intended the note to be executed on behalf of the corporation. In *Post*, the defendant's individual personal guaranty executed on the back of the note guaranteeing the obligation made the defendant a party to the negotiable instrument under section 1—201(20), and, thus, the Uniform Commercial Code applied.

In the case at bar, the plaintiff entered into a separate, unequivocal, continuing guaranty agreement (see *Weger v. Robinson Nash Motor Co.* (1930), 340 Ill. 81, 92) that was independent of the promissory note he executed on behalf of the corporation. The corporation's promissory note listed as the collateral the assets of the corporation. The guaranty insured the corporation's performance on the promissory note, among other undertakings. It was entered into by the plaintiff in his individual capacity, and this "undertaking of the guarantor was an independent contract" (*Holm v. Jamieson* (1898), 173 Ill. 295, 300), separate from the negotiable instrument.

Therefore, this court finds that the guaranty entered into by the plaintiff, Ishak, and the Bank was not a negotiable instrument under the Uniform Commercial Code. The guaranty, instead, was a separate, unequivocal, binding contract entered into between the plaintiff and the Bank. (*Associates Discount Corporation v. Elgin Organ Center, Inc.* (7th Cir. 1967), 375 F. 2d 97.) Thus, the plaintiff will not be discharged from any liability arising under the guaranty by the Bank's failure to file a financing statement with the Secretary of State under section 9—401(1)(c) because the guaranty is not a negotiable instrument and the Uniform Commercial Code is not applicable to it.

In addition, the plaintiff will not be discharged under the guaranty agreement because the guaranty agreement expressly provided that the plaintiff's "liability * * * shall in no wise be affected or impaired * * * by any failure, neglect or omission on the part of said Bank to realize upon or protect any of said indebtedness." The plaintiff will be found to have expressly waived any rights against the Bank arising out of its failure to file the financing agreement by the express terms of the guaranty.

Therefore, we find that the trial court correctly found that the plaintiff's complaint for declaratory relief did not state a cause of action.

For the above reasons, we affirm the judgment of the Circuit Court of Kane County.

Judgment affirmed.

RECHENMACHER, P. J., and SEIDENFELD, J., concur.