ARCTIC CONTRACTORS, INC., an Alaska Corporation, Carl. L. Pederson and John Parks, Petitioners,

v.

STATE of Alaska, Respondent.

No. 3539.

Supreme Court of Alaska.

Feb. 3, 1978.

O. Nelson Parrish, Fairbanks, for petitioners.

Thomas R. Wickwire, Asst. Atty. Gen., Avrum M. Gross, Atty. Gen., Juneau, for respondent.

OPINION

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, BURKE and MATTHEWS, Justices.

RABINOWITZ, Justice.

This matter comes before the court on a petition for review from the superior court's order denying a motion to substitute

Carl Pederson and Bernard Parks[1] as individual counterclaimants following our remand in *Arctic Contractors, Inc. v. State,* 564 P.2d 30 (Alaska 1977).

The facts leading to the present dispute are summarized in our opinion in *Arctic Contractors, Inc. v. State, supra.* Prior to dissolution of Arctic Contractors, John Parks and Pederson were principal stockholders and officers of the corporation. In addition, they agreed to act as guarantors of Arctic Contractors' performance on the Farmers Loop Road construction project, conditionally assigning certain insurance policies, personal property and real property as security to induce the state to release progress payments.

The state subsequently sued Arctic Contractors and its guarantors, Parks and Pederson, seeking "damages and indemnity" in connection with the alleged breach of the contract for building Farmers Loop Road. Arctic Contractors answered, raised affirmative defenses and asserted four counterclaims. Pederson's answer adopted the "answer and affirmative defenses" of Arctic Contractors but did not specifically adopt the separate counterclaims which Arctic had pled. In his answer, Parks adopted Arctic's "answer and counterclaims." Arctic Contractors was dissolved in 1968 for failing to file its 1966 annual report. After protracted litigation, an appeal to this court and remand for further proceedings, the superior court denied a motion by Parks and Pederson to amend their pleadings so as to substitute themselves as individual counterclaimants on Arctic Contractors' counterclaims.

 We hold that the superior court did not err in denying petitioners' motion to substitute Pederson and Parks as individual counterclaimants. We recently reaffirmed the general rule that a shareholder has no personal or individual right of action against third parties for acts producing injury to the corporation.[2] This principle also governs the counterclaims asserted in the case at bar. As one commentator has explained:

> The corporation and it alone may sue . . . to recover damages for injuries done to it . . . . So a stockholder has no capacity to sue or to maintain [a] counterclaim . . . as an individual on a derivative claim, even though he is a sole or principal stockholder of the corporation.[3]

Parks has alleged no facts showing that the issues raised by Arctic's counterclaims arise out of an injury to him separate from harms allegedly done to the corporation. Nor has Parks shown a special duty owed to him directly by the state sufficient to permit assertion of Arctic's counterclaims on his own behalf.

 In general, a surety may set off the principal's claim against the owner of the project in three circumstances: (1) where the surety has taken an assignment of the claim or the principal has consented to the surety's use of the claim as a basis for set-off; (2) where both principal and surety are joined as defendants, or (3) where the principal is insolvent.[4] Here, the

---

1. Bernard Parks, as representative of John Parks' estate, is now asserting his claims.

2. *Martin v. Maldonado,* 572 P.2d 763 (Alaska, 1977). The rule against individual shareholder suits also applies where all the stock in the corporation is held by one person or by a small number of people. *See Schaffer v. Universal Rundle Corp.,* 397 F.2d 893, 896 (5th Cir. 1968). "The capacity of suing and being sued is one of the corporate attributes. With exceptions, which are apparent and not real, the stockholder must sue, as such, only on rights pertaining to him as an individual . . ." 1 W. Fletcher, Cyclopedia of the Law of Private Corporations § 36, at 149 (Wolf rev. 1974) (footnotes omitted). "If the cause of action belongs to the corporation, it should bring the action. Neither an officer, stockholder nor creditor of the corporation in their capacity as such, can bring the action." 9 W. Fletcher, Cyclopedia of the Law of Private Corporations § 4469, at 402 (Smith rev. 1976) (footnote omitted).

3. 1 W. Fletcher, Cyclopedia of the Law of Private Corporations § 36, at 149 (Wolf rev. 1974) (footnotes omitted).

4. L. Simpson, Handbook on the Law of Suretyship § 70, at 324–25 (1950); Restatement of Security § 133(2) and comment on subsection (2), at 360, 362–63 (1941).

state is suing Parks as guarantor and his principal, Arctic Contractors. However, if Parks were permitted to recover affirmatively on the corporate counterclaim as Arctic's guarantor he would receive more than his principal is entitled to recover.[5] Assuming arguendo that Parks should be permitted to assert Arctic's counterclaims as guarantor, any recovery on his part would be limited to set-off. That is, Parks would not be entitled to recover more on the counterclaims than his principal. In *Arctic Contractors, Inc. v. State,* 564 P.2d 30, 51–52 (Alaska 1977), we emphasized that Arctic Contractors is limited to set-off in asserting its counterclaims due to the provisions of AS 10.05.720.[6] To permit Parks to recover affirmatively on the same counterclaims for wrongs allegedly inflicted upon the corporation would undercut the statutory provision and would contravene the principles governing both sureties and corporations.

Pederson stands on slightly different footing. As was mentioned previously, Pederson did not explicitly adopt the counterclaims which had been asserted in Arctic Contractors' answer, and in this respect Pederson's case is weaker than Parks'. Further, since Pederson's and Parks' liabilities as guarantors extend only to the damages proved against Arctic Contractors and Arctic Contractors has the right to counterclaim to that extent, the interests of Pederson and Parks are protected. We conclude that the superior court did not err in its denial of the motion to substitute Pederson, as well as Parks, as individual counterclaimants against the State of Alaska.

Based on the foregoing, we have concluded that the superior court's order denying petitioner's motion to amend should be Affirmed.

---

**5.** The state could reach the security assigned by Parks and Pederson only if Arctic Contractors failed to perform in accordance with the contract. The rule permitting a guarantor to assert defenses of its principal, including claims in set-off, merely recognizes the unfairness of permitting a creditor who has behaved improperly toward the principal from recovering against the surety when it could not recover against the principal. However, the guarantor's status entitles him only to prevent such an unfair result by the defensive use of the principal's claim. Once the claim against the guarantor has been nullified by full set-off he no longer bears any risks or suffers any injury from the creditor's wrongdoing. Thus, affirmative recovery by the guarantor would exceed the scope of the surety relationship and would actually usurp claims belonging only to the principal.

*See generally* L. Simpson, Handbook of the Law of Suretyship § 70, at 319–26 (1950); Restatement of Security § 133(2) and comment on subsection (2), at 362–63 (1941).

**6.** AS 10.05.720 provides, in pertinent part:

No domestic or foreign corporation may commence or maintain a suit, action or proceeding in a court in the state without alleging and proving that it has paid its annual corporation tax last due and has filed its annual report for the last calendar or fiscal year for which the report became due.