The CONTINENTAL GROUP, INC., Plaintiff,

v.

Kermit JUSTICE, Thor S. Johnson, and Joseph Cashman, Defendants.

Civ. A. No. 81–455.

United States District Court, D. Delaware.

April 14, 1982.

---

James F. Waehler of Tunnell & Raysor, Georgetown, Del., David F. Albright, Richard M. Kremen, and Gary G. Goldberger of Semmes, Bowen & Semmes, Baltimore, Md., for plaintiff.

Victor Battaglia and Wayne Marvel of Biggs & Battaglia, Wilmington, Del., for defendants Justice and Johnson.

Lawrence M. Sullivan, Wilmington, Del., for defendant Cashman.

## MEMORANDUM OPINION

LATCHUM, Chief Judge.

This is a civil action brought by plaintiff, The Continental Group Inc. ("Continental"), seeking to recover $218,766.16 for goods sold and delivered by Continental to Winner Chemicals Inc. ("Winner") between December 4, 1978 and May 22, 1979. Continental

alleges that the named defendants Kermit Justice, Joseph Cashman and Thor S. Johnson executed agreements whereby each guaranteed payment of all sums due to Continental by Winner together with interest. Continental further alleges that both Winner and the defendants have failed to pay Continental the amount due. Continental seeks, in this action, to recover from the named defendants, pursuant to the guaranty agreements, the amount due from Winner. (Docket Item ["D.I."] 1, ¶¶ 2, 3 & 4.)

All of the defendants deny liability. Justice and Johnson also advance three affirmative defenses and a counterclaim. (D.I. 6.) In the first affirmative defense, Justice and Johnson assert that Winner does not owe Continental for the goods sold and delivered to Winner because Continental failed to supply a suitable and non-defective product to Winner and that such failure amounts to a total or partial failure of consideration. (D.I. 6, ¶ 5.) In the second affirmative defense, Justice and Johnson contend that they are discharged from their obligations under the guaranty agreements because Continental supplied defective products to Winner, causing Winner to become insolvent. (D.I. 6, ¶ 6.) Justice and Johnson, in the third affirmative defense, assert that they are discharged from their obligations under the guaranty agreements because Continental wrongfully refused to undertake the defense of Winner in *Ruffo v. Terryville Supermarkets*, and wrongfully refused to provide products liability insurance coverage to Winner. Justice and Johnson allege that these wrongful refusals caused Winner to become insolvent. (D.I. 6, ¶ 7.) In their counterclaim, Justice and Johnson seek to recover $1,500,000 for the loss of their interest in Winner caused by Continental's defective products, wrongful refusal to defend, and to provide products liability insurance to Winner. (D.I. 6, ¶¶ 8 & 9.)

Continental has moved to dismiss the counterclaim of Justice and Johnson, pursuant to Rule 12(b)(6), F.R.Civ.P., for failure to state a claim upon which relief can be granted on the ground that Justice and Johnson do not have standing to assert their counterclaim. (D.I. 15.) Justice and Johnson, pursuant to Rule 37(a)(2), F.R. Civ.P., have also moved for an order requiring Continental to answer defendants' Interrogatories, Request for Production of Documents, and Request for Admissions. (D.I. 18.)

### I. Justice and Johnson's Counterclaim

Justice and Johnson's counterclaim alleges that Continental breached its obligations to defendant guarantors by (1) providing defective products to Winner, (2) wrongfully refusing to defend Winner in any products liability action based on defects in Continental's products, and (3) wrongfully refusing to extend plaintiff's products liability insurance coverage to Winner. Continental argues that Justice and Johnson, as shareholders of Winner, lack standing to assert Winner's alleged claims against Continental. It contends that the claims asserted in the counterclaim belong to Winner, the corporation, and not to Justice and Johnson, its shareholders.

■ The Court agrees with Continental that Justice and Johnson, as shareholders, may not recover individually against Continental for acts allegedly causing injury to Winner. A shareholder has no personal or individual right of action against a third party for acts causing injury to a corporation. As one commentator has explained:

> The corporation and it alone may sue ... to recover damages for injuries done to it .... So a stockholder has no capacity to sue or to maintain [a] counterclaim ... as an individual on a derivative claim, even though he is a sole or principal stockholder of the corporation.

1 W. Fletcher, Cyclopedia of the Law of Private Corporations § 36 at 149 (Wolf rev. 1974). Further, "when an injury to corporate stock falls equally upon all stockholders, then an individual stockholder may not recover for the injury to his stock alone, but must seek recovery derivatively on behalf of the corporation." 13 Fletcher § 5913. Each of the injuries alleged in Justice and

Johnson's counterclaim are injuries inflicted upon Winner as a corporation. Justice and Johnson have alleged no facts showing that the issues raised by their counterclaim arises out of an injury separate from harms allegedly done to the corporation. Therefore, Justice and Johnson have no standing to assert these claims as shareholders. *See generally Kauffman v. Dreyfus Fund, Inc.,* 434 F.2d 727, 732 (C.A. 3, 1970); *McDaniel v. Painter,* 418 F.2d 545 (C.A. 10, 1969); *Bokat v. Getty Oil Co.,* 262 A.2d 246 (Del. 1970); 13 Fletcher, Corporations (1980 Revised Vol.) §§ 5911, 5913.

■ Justice and Johnson, however, argue that they assert their counterclaim as guarantors and, accordingly, are entitled to recover the independent claims of their principal, Winner. Generally, a guarantor, when sued by the principal's creditor pursuant to a guaranty agreement, cannot rely on an independent cause of action existing in favor of the principal against the creditor as a defense or a counterclaim. "It is for the principal to determine what use he will make thereof, and the [guarantor] has no control over him in this respect." *Elliot v. Brady,* 192 N.Y. 221, 85 N.E. 69, 71 (1908). This rule was designed to protect the underlying claims of the principal and to minimize litigation among the parties. *See* Restatement of Security § 133 and Comment on subsection (2) at 362–63 (1941).

Despite the general rule which prohibits the guarantor from asserting the principal's claims, courts have recognized three exceptions. A guarantor may assert the independent claim of the principal to set-off the creditor's claim against the guarantor where (1) the surety has taken an assignment of the claim or the principal has consented to the surety's use of the claim, (2) both principal and surety are joined as defendants, or (3) the principal is insolvent. *See* Restatement of Security § 133(2) at 360 (1941.) *See also Arctic Contractors, Inc. v. State of Alaska,* 573 P.2d 1385 (Alaska

1978). Justice and Johnson rely upon two of these exceptions. They assert (1) that Winner has consented to the defendants' use of their claim against Continental, and (2) that Winner is insolvent. Thus, Justice and Johnson argue that they may assert Winner's claim against Continental.

■ Justice and Johnson first contend that Winner has consented to the use of its claims against Continental. They rely on a letter dated November 2, 1981, in which William Poisez, president of Winner, notified the defendants that Winner did not object "to the utilization of any defense" by the defendants which Winner "may have against Continental." (D.I. 17, Exhibit A.) This letter does not grant consent to the defendants to assert Winner's claims against Continental because Poisez, as president, did not have the authority to assign or transfer those claims. This is so because Winner commenced voluntary bankruptcy proceedings on August 7, 1980, more than a year before Poisez' letter.[1] Section 541(e) of 11 U.S.C. specifically provides that the bankrupt estate will have the benefit of any defense available to the debtor and that a waiver of any "defenses by the debtor after the commencement of the case does not bind the estate." Thus, whatever claim Winner may have against Continental is an asset of the bankrupt estate and could not be transferred or assigned by Poisez' letter. The "consent exception," therefore, is not available to Justice and Johnson.

■ Secondly, Justice and Johnson contend that they may assert Winner's independent claims against Continental because Winner is insolvent. The Court agrees, for it is well established that when the principal is insolvent, the guarantor may set-off the principal's claims against the creditor. *See In re Eastern Freight Ways, Inc.,* 577 F.2d 175, 180 (C.A. 2, 1978); *Saxis Steamship Co. v. Multifacs International Traders, Inc.,* 375 F.2d 577, 583 n.8

---

1. The Court has taken judicial notice of records of the United States Bankruptcy Court for the District of New Jersey showing that Winner filed a voluntary Chapter 11 petition in bankruptcy on August 7, 1980, No. 80–03137, and

this petition was converted to a Chapter 7 proceeding on September 24, 1981, pursuant to Court order. Rule 201, F.R.Evid.; *see United States v. Verlinsky,* 459 F.2d 1085, 1087 (C.A. 5, 1972).

(C.A. 2, 1967); *In re Yale Express System, Inc.*, 362 F.2d 111, 114 (C.A. 2, 1966); *Johnson v. Morley Construction Co.*, 98 F.2d 781, 789–90 (C.A. 2), *cert. denied*, 305 U.S. 651, 59 S.Ct. 244, 43 L.Ed. 421 (1938); *Clark Car Co. v. Clark*, 48 F.2d 169, 170 (C.A. 3, 1931); *Arctic Contractors, Inc. v. State of Alaska*, 573 P.2d 1385, 1386–87 (Alaska 1978). It would be inequitable to deprive the guarantor of what may be a perfectly good set-off between the principal and creditor when the guarantor would have no or little recourse against the principal. *See Clark*, 48 F.2d at 170. Judge L. Hand explained the rationale in the *Morley* case:

> If the creditor then recovers from the surety, the surety has no recourse over against the principal, but must bear the loss except for such dividends as he may get in the insolvency proceedings. Yet having recovered from the surety and realized upon his claim, the creditor is without set-off when sued on the counterclaim by the principal's trustee or receiver, and the recovery goes to swell the estate. Had the creditor not sued the surety, he could, and of course would, have used the claim as a set-off against the counterclaim. Thus, the upshot of denying the surety a right to assert the counterclaim is to enhance the principal's estate at the expense of the surety, which is contrary to the fundamental relation between the two. The truth is that after insolvency the counterclaim becomes the creditor's security for his own claim, a means by which it can be paid dollar for dollar through his right of set-off. However, it is only after the surety pays the creditor that he is subrogated to all the creditor's securities, and that would be a condition here, except that the surety cannot pay the debt without losing the security, for it consists only of the creditor's power to defeat the counterclaim by using his claim to cancel it. Therefore to exact of the surety the normal condition

of paying the debt, would be to destroy the security, and it follows that he must be allowed to set it up himself.

98 F.2d at 790.

Thus, Justice and Johnson may use as a set-off those claims alleged in the counterclaim. Any recovery on these claims, however, is limited to the amount of set-off; they are not entitled to recover affirmatively. After the creditor's claim against the guarantor has been completely set-off, there is no longer the danger that the principal's estate will be enhanced at the expense of the guarantor because the guarantor will not have a claim against the principal's estate; therefore, those equitable considerations which allow a guarantor to use a principal's claim as a set-off no longer exist. At this point, it is the principal, or the trustee in bankruptcy that should decide to assert the claim against the creditor.[2]

In sum, Justice and Johnson, as guarantors, not as shareholders, may assert Winner's claims against Continental. Nevertheless, they may not seek an affirmative recovery. Accordingly, Justice and Johnson will be granted leave to amend their counterclaim to reflect this ruling.

## II. *Justice and Johnson's Rule 37(a)(2) Motion*

Justice and Johnson have filed Interrogatories, Request for Production of Documents, and Request for Admission directing Continental to provide information, documents, and admissions relating to Justice and Johnson's affirmative defenses and counterclaim. Continental, responding to these discovery requests, objected to most of the discovery requests on the grounds that the materials sought are not relevant to the subject matter of the litigation. Further, in its memorandum in opposition to the defendants' Rule 37(a)(2) motion, Continental has objected on the grounds that the information and documents sought

---

**2.** Continental also claims that Winner is not insolvent, and argues that the defendants may not use the "insolvent exception" to the general rule which prohibits guarantors from asserting the principal's claims. Justice and Johnson, however, allege in their answer that Winner is insolvent and thus must be accepted as true on a motion to dismiss. If the defendants amend, they should reallege this in their counterclaim as well.

are protected by the work-product exclusion (Rule 26(b)(3)) and the attorney-client privilege.

Specifically, Continental objects to Justice and Johnson's Interrogatories Nos. 1, 4, 5 and 6, which seek the following information: (1) the amount of money Continental paid to Ruffo in settlement of the products liability action; (4) the names, reasons and writings with respect to the decision to extend products liability insurance; (5) the names, reasons and writings with respect to the decision to refuse to defend Winner in the Ruffo litigation; and (6) the date and manner by which Continental learned that it would be necessary for Winner to obtain a FMHA loan or face insolvency proceedings. (D.I. 7.) Continental also objected to Justice and Johnson's Request for Production of Documents Nos. 1, 2, and 3, which seek the following documents: (1) a copy of the insurance contract between Continental and its products liability insurer; (2) all writings concerning the extension of Continental's products liability insurance coverage including those writings relating to Continental's refusal to provide such coverage; (3) all writings concerning Continental's undertaking the defense of Winner in a products liability action based on defects in Continental's products, including those writings relating to plaintiff's refusal to undertake such defense. (D.I. 8.) Finally, Continental objected to Justice and Johnson's Request for Admission which seeks the following admissions: (1) Some of the products manufactured by Continental and delivered to Winner were defective; (2) One of the cans delivered to Winner by Continental caused Ruffo to suffer severe injuries; (3) Continental promised Winner that Winner would be protected from products liability insurance coverage; (4) Continental promised Winner that Continental would defend Winner in any products liability action involving the plaintiff's products; (5) Continental assured Winner that Continental would undertake the defense of Winner in the Ruffo litigation if it were established that the can involved a Continental product; (6) Continental told Winner, on August 10, 1979, that Continental would not defend Winner in the Ruffo litigation; (7) Continental told Winner, on August 10, 1979, that Continental's products liability insurance did not cover claims against Winner; (8) The type of can which injured Ruffo was produced according to specifications; and (9) Continental knew that its refusal to provide products liability insurance coverage and its refusal to defend Winner in *Ruffo* would cause Winner to be unable to obtain a FMHA loan and would cause Winner to become insolvent. (D.I. 9.)

Continental first objects to the discovery requests on the grounds that the information sought, and the documents and admissions requested are not relevant to the subject matter of the litigation. Rule 26(b)(1), F.R.Civ.P., provides that a party "may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter." The requirement of relevancy is construed liberally and discovery should ordinarily be allowed under relevancy "unless it is clear that the information sought can have no possible bearing upon the subject matter of the action." *La Chemise Lacoste v. Alligator Co.*, 60 F.R.D. 164, 171 (D.Del. 1973). Continental argues that the material sought by Justice and Johnson is not relevant because it relates to issues in the affirmative defenses and counterclaim which Justice and Johnson do not have standing to raise. The Court, however, has held, *supra*, that the defendants, as guarantors, have standing to assert Winner's claims against Continental and may use such claims as a set-off. Therefore, Continental has not shown to the Court that the information Justice and Johnson seek will have no possible bearing on Justice and Johnson's affirmative defenses and counterclaim, if amended. Thus, the Court finds that Justice and Johnson's discovery requests are relevant.

Continental also objects, in its brief and at oral argument, to the discovery requests on the ground that the information sought is privileged. It claims that "the information requested concerning the *Ruffo* ... litigation involves attorneys' work product and trial preparation materials, and

is protected from discovery in the absence of a showing by Justice and Johnson of substantial need of the materials and undue hardship if the materials are not produced." Continental further claims that "no allegation or showing of substantial need or undue hardship has been made by Justice and Johnson with respect to information requested concerning the *Ruffo* case." Continental thus contends that Justice and Johnson have failed to show the Court that they are entitled to the privileged information and documents.

The Court finds that Justice and Johnson are not required to show a substantial need for the materials or undue hardship to obtain them because Continental has failed to assert the privileges properly. A bare allegation that information and documents are protected from discovery by the attorney-client privilege is insufficient without making more information available. *International Paper Co. v. Fiberboard Corp.*, 63 F.R.D. 88, 93 (D.Del.1974). A party may assert the privilege only if he demonstrates:

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a *fact* of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an *opinion* on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for purposes of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*Id.* at 93, *quoting United States v. United Shoe Machinery*, 89 F.Supp. 357, 358–59 (D.Mass.1950). Further,

> [s]uch a showing is usually by affidavit in which the documents are adequately listed and described showing (a) the identity and corporate position of the person or persons interviewed or supplying the information, (b) the place, approximate date, and manner of recording or otherwise preparing the instrument, (c) the names of the person or persons (other than stenographical or clerical assistants) participating in the interview and preparation of the document, and (d) the name and corporate position, if any, of each person to whom the contents of the document have heretofore been communicated by copy, exhibition, reading or substantial summarization. Manual for Complex Litigation, pp. 192–93.

*Id.* at 93–94. It is quite clear that Continental has not yet made a proper showing that it is entitled to the attorney-client or work product privilege. Continental merely asserted the privileges arguing that Justice and Johnson have failed to show a substantial need or undue hardship. If Continental wishes to assert these privileges to the information and documents which Justice and Johnson seek, it should be done in accordance with the above criteria.

An order will be entered in accordance with this memorandum opinion.