**SCHENLEY AFFILIATED BRANDS CORP., a New York corporation, Plaintiff,**

v.

**MAR–SALLE, INC., a Kentucky corporation, Defendant.**

No. 88 C 6387.

United States District Court, N.D. Illinois, E.D.

Jan. 17, 1989.

---

Synde Keywell, Lyn Thorpe, Katten, Muchin & Zavis, Chicago, Ill., for defendant.

Henry C. Krasnow, Berliner & Krasnow, Chicago, Ill., for plaintiff.

## ORDER

NORGLE, District Judge.

Before the court is plaintiff's motion to dismiss defendant's counterclaim for failure to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). For the following reasons, the motion is denied.

Mar–Salle, now known as Medley Spirits Co., is a Kentucky Corporation with its principal place of business in Kentucky. It is in the business of producing and distributing alcoholic beverages. Schenley is a New York corporation with its principal place of business in Dallas, Texas, and is in the business of marketing alcoholic beverages. Valley Liquors, Inc. ("Valley") was a distributor of alcoholic beverages and distributed certain brands Schenley marketed from 1946 until July, 1985.

In the fall of 1983, Mar–Salle purchased a minority of Valley's stock. In June, 1984, at Schenley's request, Mar–Salle executed a written guaranty of Valley's debts to Schenley. On or about June 3, 1985, Schenley sent a letter to Valley terminating its distributorship arrangement, effective July 1, 1985. In March, 1988, Valley filed for reorganization under Chapter 11 of the United States Bankruptcy Code. There are amounts due under the guaranty which are the subject of Schenley's Complaint against Mar–Salle. Mar–Salle, in its counterclaim, alleges that Schenley wrongfully terminated Valley, breaching its contract with Valley, and that Valley suffered damages as a result of that breach. Mar–Salle asks that the amount of these damages be set off against Valley's obligation to Schenley, thus reducing the deficit which Mar–Salle, as guarantor, must pay. Schenley moves to dismiss the counterclaim.

On a motion to dismiss, the allegations of the complaint as well as the reasonable inferences to be drawn from them are taken as true. *Doe v. St. Joseph's Hosp.*, 788 F.2d 411 (7th Cir.1986). The plaintiff need not set out in detail the facts upon which a claim is based, but must allege sufficient facts to outline the cause of action. *Id.* The complaint must state either direct or inferential allegations concerning all of the material elements necessary for recovery under the relevant legal theory. *Mescall v. Burrus*, 603 F.2d 1266 (7th Cir.1979). The court is not required to accept legal conclusions either alleged or inferred from pleaded facts. *Carl Sandburg Village Condominium Ass'n No. 1 v. First Condominium Development Co.*, 758 F.2d 203, 207 (7th Cir.1985). Dismissal under Rule 12(b)(6) is improper unless it appears beyond doubt that the plaintiff can prove no

set of facts in support of his claim which would entitle him to relief. *Papapetropoulous v. Milwaukee Transport Services, Inc.*, 795 F.2d 591, 594 (7th Cir.1986).

Because jurisdiction over the parties' dispute is based on the diverse citizenship of the parties, *see* 28 U.S.C. § 1332, the court looks to Illinois' substantive law to resolve the issues relevant to this motion. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). In determining the content of the law to be applied, the court's duty is to apply the state law that would be applied by the Illinois Supreme Court. *Green v. J.C. Penney Auto Ins. Co.*, 806 F.2d 759 (7th Cir.1986). Intermediate appellate court opinions are useful but not binding evidence of what the Illinois Supreme Court would do in a similar case. *Id.*

The central issue here is whether a guarantor, as the sole defendant, may, without consent or assignment, raise a claim on behalf of an insolvent principal debtor against the plaintiff/creditor as a set-off against the debt of the principal debtor. Research unearths no Illinois Supreme Court case directly addressing this question, and finds a split of authority among the Illinois Appellate courts. *See Halliburton Co. v. Marlen*, 154 Ill.App.3d 111, 107 Ill.Dec. 8, 506 N.E.2d 751 (5th Dist.1987); *Merck White Lead Co. v. McGahey*, 159 Ill.App. 418, (1911); *but see Graff v. Kahn*, 18 Ill.App. 485 (1886); *Luther v. Mathis*, 211 Ill.App. 596 (2nd Dist. 1918). The court in *Graff* stated a rule that a guarantor as sole defendant may not, without consent or assignment, raise the principal debtor's claims. The court did not state that the rule would be any different in the event of an insolvent debtor. However, the court did not explicitly reject an insolvent debtor exception, and it is unclear whether the debtor in that case was insolvent; the insolvent debtor exception apparently was not an issue raised in that

case. In *Halliburton*, the guarantor was allowed to raise the principal debtor's claims. In that case, the debtor was insolvent, although that insolvency was not mentioned as a factor in the court's ruling. Thus, there is no clear statement from the Illinois courts as to whether a guarantor may raise the claims of an insolvent principal debtor.[1] To resolve this split of authority, the court will consider where the weight of recent authority lies and which rule is more justifiable. The court will also consider the fact that *Halliburton* is by far the most recent Illinois case on point.

The "hornbook law" on this issue is that generally, when a creditor sues a surety alone, the surety cannot use defensively a claim of the principal debtor against the creditor.[2] *Simpson on Suretyship*, § 70 at 319. The primary reason for this rule is to avoid prejudice to the principal debtor. *See id.* at 319–324. There are three exceptions to this general rule: if the principal debtor is insolvent, has assigned his claim to the surety, or has consented to the surety raising his claim. *Id.* at 324. Thus, the weight of general authority favors the insolvent debtor exception. *See also* Stearns and Elder, *The Law of Suretyship*, § 7.21 at 235 (5th Ed.1951).

Moreover, sound reasoning favors adoption of the insolvent debtor exception. The general rule that a guarantor may not raise the principal debtor's claims exists primarily to prevent prejudice to the principal debtor. For example, in *Graff*, the court expressed concern that if the value of the principal debtor's claim exceeded the amount of the guarantor's liability, and the guarantor were allowed to raise the claim as a set-off, the principal debtor would lose the value of the excess of the claim over the amount of the guarantor's liability. Yet, the principal debtor could eliminate that danger by intervening in the guarantor's action. *See* Fed.R.Civ.P. 24.

On the other hand, as Judge Learned Hand once pointed out, it would be ineq-

---

1. In fact, there is no clear statement from the Illinois courts as to whether a guarantor may raise the claims of a solvent principal debtor, given the cases cited above. For purposes of ths motion, the court need only consider the issue of an insolvent principal debtor.

2. The court recognizes that there are differences between a surety and a guarantor. However, the differences are not relevant to the issues presented in this motion.

uitable to deprive the guarantor of what may be a valid set-off between the creditor and principal debtor when the guarantor would have little or no recourse against the principal debtor, as is the case when the principal debtor is insolvent. *Continental Group, Inc. v. Justice,* 536 F.Supp. 658, 661–62 (D.Del.1982), *citing Johnson v. Morley Construction Co.,* 98 F.2d 781, 789–90 (2nd Cir.), *cert. denied,* 305 U.S. 651, 59 S.Ct. 244, 83 L.Ed. 421 (1938). Furthermore, once a debtor is insolvent or bankrupt, its incentive to pursue what may be a legitimate claim is lessened. Additionally, when a debtor is insolvent, a guarantor may be the party with the greatest interest in pursuit of the claim, and a guarantor may have no recourse against an insolvent debtor. These points combine to make a strong case for the insolvent debtor exception. The court finds that the justification for the insolvent debtor exception outweighs the counterarguments. The court also finds that the trend in modern law favors the insolvent debtor exception. For these reasons, the court predicts that the Illinois Supreme Court would apply the insolvent debtor exception, and allow the guarantor, as sole defendant, to raise the claims of the insolvent principal debtor against the creditor.

■ Plaintiff raises three additional grounds for dismissal, none of which has merit. First, plaintiff argues that because the distributorship agreement lacks a fixed duration, it was terminable at will, *citing Kraftco Corp. v. Kolbus,* 1 Ill.App.3d 635, 274 N.E.2d 153, 156 (1971). However, "[a] duration term need not specify a date or period of time; it can identify some event which will terminate, even if it is not clear, ex ante, when that event will take place. *H.L. Miller Machine Tools, Inc. v. Acroloc, Inc.,* 679 F.Supp. 823, 825 (C.D.Ill.1988). Defendant's counterclaim alleges a contract terminable only for good cause. Good cause constitutes an event, and is a term of duration. To hold otherwise would in effect make most good cause termination clauses void; to hold that a contract with a good cause termination clause is terminable at will would at best be counterintuitive.

■ Plaintiff next argues that ten days notice of termination is sufficient notice as a matter of law, *citing Valley Liquors, Inc. v. Renfield Importers, Ltd.,* 822 F.2d 656 (7th Cir.1987). *Valley Liquors* is not on point. The court in *Valley Liquors* was ruling on a motion for summary judgment, not a motion to dismiss. Furthermore, *Valley Liquors* involved a contract which allowed the defendant to terminate the contract "at any time for any reason" on written notice. *Id.* at 669. Thus, the court held that the defendant was not required to provide reasonable notice prior to termination of the contract. Here, in contrast, defendant alleges a contract allowing termination only upon reasonable notice. Whether the twenty-seven days notice given in this case was reasonable is a question of fact, not appropriate for resolution on a motion to dismiss.

■ Finally, plaintiff argues that nonpayment under the contract by a distributor is good cause for termination as a matter of law, *citing Joe Regueira Inc. v. Am. Distilling Co., Inc.,* 642 F.2d 826 (5th Cir. 1981). However, that case is readily distinguishable. The court in *Regueira* interpreted Florida law, not Illinois law. Also, the court in *Regueira* decided a motion for summary judgment, not a motion to dismiss. Furthermore, the court In *Regueira* did *not* rule that nonpayment is always good cause for termination, but merely that nonpayment shifts the burden to the plaintiff to demonstrate why such unpaid debts were not a permissible reason for termination. *Id.* at 831. It may be that defendant in this case will eventually face such a burden to avoid summary judgment on this issue, but defendant faces no such burden of production of evidence requirement to prevail against a motion to dismiss.

In sum, the motion to dismiss the counterclaim is denied. Defendant shall mail a copy of this Order to Valley Liquors, Inc.

IT IS SO ORDERED.