376 So.2d 410 (1979)
Charles L. WALKER and His Wife, Wanda L. Walker, Appellants,
v.
William B. SENN and His Wife, Ruby E. Senn, Appellees.
No. KK-263.
District Court of Appeal of Florida, First District.
October 19, 1979.
Rehearing Denied November 21, 1979.
*411 John F. Roscow, III, of Scruggs, Carmichael, Long, Tomlinson, Roscow, Pridgeon, Helpling & Young, Gainesville, for appellants.
Fred J. Krim of Savage, Krim, Simons & Fuller, Ocala, for appellees.
PER CURIAM.
Appellants appeal a final judgment foreclosing a mortgage on a trailer park owned by them, and denying their counterclaim for rescission and cancellation of their purchase of the property from appellees. We conclude that appellants have failed to demonstrate reversible error and affirm the trial court.
The trial court entered a summary judgment of foreclosure in behalf of the appellees-plaintiffs, but held the foreclosure sale in abeyance pending completion of a trial upon appellants' counterclaim for rescission and cancellation of the transaction whereby appellants acquired real property consisting of a trailer park from appellees. Appellants' counterclaim contained two counts, one for rescission and cancellation, and the second for damages because of alleged misrepresentations by appellees in connection with the transaction. After a ruling by the trial judge that since the two counts of the counterclaim sought inconsistent remedies, an election would have to be made, appellants elected to pursue the count for rescission. The trial court also agreed to impanel a jury for trial of the counterclaim, but expressly declared that the verdict of the jury would be advisory only, since the subject matter of the counterclaim was equitable in nature, rescission and cancellation not ordinarily being a matter cognizable by a jury.
Appellants rely for reversal in part upon their contention that the interrogatory form of verdict submitted to the jury and the court's oral instructions to the jury were improper in that the jury, before being able to find for them, was mandated to determine that false representations were made by Mr. and Mrs. Senn to Mr. and Mrs. Walker with the intention of inducing Mr. and Mrs. Walker into the contract. They also contend that the court committed error in denying their motion to interview the jurors subsequent to the trial. As to the first issue, the form of verdict submitted *412 to the jury was prepared by appellants' counsel, and was not objected to until after it had been submitted to the jury for consideration. Furthermore, the form of the verdict and the instructions followed the language used by appellants in their counterclaim alleging misrepresentations, where it was alleged that such misrepresentations were made by both Mr. and Mrs. Senn to both Mr. and Mrs. Walker. As to the second matter, we find no error in the ruling of the trial court denying appellants' motion to interview the jurors, and we note that the affidavits obtained from two jurors were not presented to the trial court at the time of the hearing on the motion to interview jurors, and were obtained in fact in violation of the trial court's order denying the motion to interview. In any event, regardless of these contentions made by appellants, we find no reversible error presented by these points under discussion for the reason that the jury verdict (which was adverse to appellants) was "advisory" only, not binding upon the trial court. The judgment appealed from is that of the trial judge as the trier of fact and law, and it is his ultimate findings and judgment alone which are subject to review. See Gulf Life Insurance Company v. Urquiaga, 251 So.2d 904 (Fla. 2nd DCA 1971).
Appellants next contend that the court erred in failing to permit introduction of evidence from experts as to the monetary value of the costs that would be incurred by appellants in curing alleged deficiencies in the trailer park's water, sewer and electrical systems. As to this point, the trial judge is invested with a certain amount of discretion in determining the admissibility and probative value of proffered evidence, and it has not been demonstrated by appellants that the exclusion of the proffered testimony had any effect upon the decision rendered by the court. The appellants were not otherwise precluded from presenting evidence in an attempt to establish their injury by virtue of misrepresentation of material facts or things by appellees. While the proffered testimony might be considered relevant, we feel that the trial judge was within his discretion in precluding its introduction. We note from the record that trial of this case consumed three full days, during which time virtually every facet of the alleged defects in the trailer park and its utility systems were extensively described by the witnesses. It has not been made to appear that failure or inability of the appellants to introduce the proffered testimony of the cost to cure any defects had any material effect whatever upon the judgment appealed from.
Finally, appellants contend that the trial court's allowance of attorney's fees in the amount of $25,000.00, which was in excess of 26% of the principal balance due on the mortgage, plus accrued interest, was excessive. We have examined the arguments and the record on this point, and must conclude that appellants have failed to demonstrate error in this award. Both the note and mortgage provided for attorney's fees, as well as did the contract for sale between the parties, the rescission and cancellation of which was sought by appellants in their counterclaim. We have noted the contention that a part of the fees awarded were for services rendered on two interlocutory appeals, and that fees for appellate services are not allowable in this case since it predated enactment of Section 59.46, Florida Statutes (1977). It is true that case law prior to enactment of the statute prohibited award of attorney's fees in mortgage foreclosures for services rendered on appeal. See Florida Glass and Mirror Company v. Economy King Equipment Company, 353 So.2d 596 (Fla. 4th DCA 1978). However, appellants have failed to demonstrate that any significant portion of the award was for appellate services. Appellees retained the services of separate counsel for the purpose of handling the appeals, and fees for appellate counsel have not been included in the itemization submitted by appellees.
Finding no reversible error, the judgment appealed from is, accordingly, affirmed.
McCORD, Acting C.J., and BOOTH and LARRY G. SMITH, JJ., concur.