BARKDULL, Judge,
dissenting.
I respectfully dissent.
At trial, the question of workmen’s compensation benefits arose with the defendant newspaper arguing that because it had paid out workmen’s compensation benefits to the plaintiff a wrongful death action was thereby improper and could not be instituted. Pursuant to special interrogatory verdict forms, the jury found that the deceased “. . . was an employee of Knight-Ridder Newspapers, Inc.” The jury also found that the deceased “. . . at the time of his death was engaged in activities within the course and scope of his employment with. . .” the defendant newspaper. The' plaintiff’s subsequent motion for a new trial was granted.[1] This appeal ensued. I would reverse.
The trial court abused its discretion in setting aside the verdict on the grounds *919 that: (1) Confusion was created due to the trial court’s failure to discuss with the jury the effect of the employment agreement between the deceased and the newspaper, and (2) It was improper to allow argument concerning workmen’s compensation payments made to the plaintiff. With regard to the employment agreement, the record demonstrates that the plaintiff never made a request that it be interpreted by the court. The plaintiff’s position throughout was that, whatever effect the agreement had on the determination of whether the decedent had an employee status or an independent contractor status, or some third argument, it was submissible to the jury. The defendant’s counsel made only one comment[2] concerning the agreement, which was insufficient under the circumstances to support an order for a new trial. Also, in rebuttal, the plaintiff’s counsel clearly presented the plaintiff’s position concerning the effects of the contract. Next, with regard to the question of workmen’s compensation benefits, the defendant’s counsel did not state that such benefits were property requested and lawfully paid, but only that such benefits were paid and that the payment for certain bills and expenses came from that source.[3] The trial court was incorrect in stating that there was no evidence to support the claim of the defendant’s counsel, in closing argument, that certain bills and expenses were paid by workmen’s compensation. In fact, the plaintiff admitted that workmen’s compensation payments were made and received.[4]
A new trial should not be granted in absence of a finding that the verdict is against the manifest weight of the evidence (which finding was not made in the instant case), unless the jury has been deceived as to the force and credibility of the evidence or has been influenced by considerations outside the record which affect substantial rights of the moving party to the extent that a fair trial was not had. Springfield Life Insurance Company v. Edwards, 375 So.2d 1120 (Fla. 3d DCA 1979); Wackenhut Corporation v. Canty, 359 So.2d 430 (Fla.1978); Laskey v. Smith, 239 So.2d 13 (Fla.1970); Hodge v. Jacksonville Terminal Company, 234 So.2d 645 (Fla.1970); North Dade Imported Motors, Inc. v. Brundage Motors, Inc., 221 So.2d 170 (Fla. 1st DCA 1969); Warner v. Goding, 91 Fla. 260, 107 So. 406 (1926). Counsel for plaintiff cannot urge error in failing to give certain instructions if they were not requested. Atlantic Coast Development Corporation v. Napoleon Steel Contractors, Inc., 385 So.2d 676 (Fla. 3d DCA 1980); Dixie Farms, Inc. v. Timmons, 323 So.2d 637 (Fla. 3d DCA 1975); Frankowitz v. Beck, 257 So.2d 918 (Fla. 3d DCA 1972); Rule 1.470(b), Fla.R.Civ.P. Counsel for plaintiff cannot now claim error in the special interrogatory verdict submitted to and answered by the jury, because same was prepared by counsel for the plaintiff and any error thereby was induced. Walker v. Senn, 376 So.2d 410 (Fla. 1st DCA 1979); Behar v. Southeast Banks Trust Company, N.A., 374 So.2d 572 (Fla. 3d DCA 1979); Public Health Trust of Dade County v. O’Neal, 348 So.2d 377 (Fla. 3d DCA 1977). There is no error in defense counsel referring to admissions made in open court.
Therefore, for the reasons above stated, I would reverse the order granting a new trial with directions to reinstate the jury verdict and enter an appropriate judgment thereon.
Before BARKDULL, SCHWARTZ and BASKIN, JJ.

. It read, in part, as follows:
“5. During the course of the litigation this Court rules there existed questions of fact as to the decedent’s status at the time of his death and concluded that the jury should determine the ultimate issue. In making this ruling that the jury should determine the ultimate issue, this Court believes it was the Court’s responsibility to interpret the contract between the minor plaintiff and his employer. This, the Court did not do. There was no issue in this case concerning the fact that the minor plaintiff was an employee for The Miami Herald when the minor plaintiff was delivering newspapers. At the time of the incident sued upon, the minor plaintiff was not within the sphere of the duties contained within the contract. This Court believes it was the Court’s responsibility to make that interpretation of the contract and to so inform the jury pursuant to a proper jury instruction, which this Court did not do. Since counsel for the defendants argued to the jury in closing argument the effect of the contract and its significance to the relationship of the parties, the Plaintiffs Motion for New Trial be and the same is hereby granted.”

. "... I think this boy was clearly an employee. His employment agreement is in the record and it even says it specifically.”

. “. .. 1 am not doing my job as a lawyer by telling you there were benefits received and workmen’s compensation. They paid the bills and there were benefits.
Now, the reason that came into the case is because, and that is the same reason — the reason that that testimony was received was because if you are injured on the job and you are an employee, then you get a certain statutory workmen’s compensation award....”

.“MR. GINSBERG: I don’t think there is a dispute that they offered workmen’s compensation benefits and it was received. And workmen’s compensation benefits were in fact received.”