**ROYAL PALM SAVINGS ASS'N., Plaintiff,**

v.

**PINE TRACE CORPORATION, et al., Defendants.**

No. 89-82-CIV-FTM-17(A).

United States District Court, M.D. Florida, Tampa Division.

July 20, 1989.

Andrew Shaw, Fergeson, Skipper, Shaw, Keyser, Baron & Tirabassi, P.A., Sarasota, Fla., Michael R. McKinley, Batsel, McKinley & Ittersagen, P.A., Englewood, Fla., for plaintiff.

Robert J. Gill, Isphording, Korp, Payne, Muirhead White & Horlick, Chartered, Sarasota, Fla., William R. Korp, Venice, Fla., John B. Mizell, Leo Wotitsky, Punta Gorda, Fla., for Pine Trace Corp. and Albert W. Bader.

## ORDER ON MOTIONS

KOVACHEVICH, District Judge.

This cause is before the Court on Plaintiff/Counter–Defendant's motion and supplementary motion to dismiss amended counterclaim (as amended), Plaintiff's motion to strike affirmative defenses, Plaintiff/Counter–Defendant's motion to strike demand for jury trial and to sever amended counterclaim, and responses thereto.

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

Motions to strike on the grounds of insufficiency, immateriality, irrelevancy, and redundancy are not favored, often being considered "time wasters", and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. *Poston v. American President Lines, Ltd.*, 452 F.Supp. 568, 570 (S.D.Fla. 1978), citing *Augustus v. Board of Public Instruction*, 306 F.2d 862 (5th Cir.1962). In evaluating a motion to strike, the Court must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings. *U.S. Oil Co., Inc. v. Koch Refining Co.*, 518 F.Supp. 957, 959 (E.D.Wis. 1981).

The amended counterclaim (as amended) in this cause names as counter-plaintiffs Pine Trace Corporation and Albert W. Bader and contains the following counts: 1) breach of covenant of good faith; 2) fraud; 3) breach of contract; and 4) breach of oral contract. Plaintiff/Counter–Defendant moves this Court to dismiss the counterclaim with prejudice.

## MOTIONS TO DISMISS

### COUNT I

As to Count I, the motion asserts dismissal is proper on two grounds. First, the motion contends Count I fails to state a cause of action on behalf of Pine Trace because there are no allegations that Pine Trace suffered any damages as result of Plaintiff's actions.

Count I does not specifically allege any damages to Pine Trace, although it specifically alleges damage to Mr. Bader. Counter–Plaintiffs assert that the ultimate fact of damages to Pine Trace is sufficiently alleged by fair inference from the allegations that are set forth and from the allegations relating to Mr. Bader's damages. Rule 8, Fed.R.Civ.P., requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The Court has to agree that the complaint is deficient in its failure to allege that Pine Trace was damaged by the actions of Plaintiff/Counter–Defendant.

Secondly, the motion asserts that, as to Mr. Bader, Count I fails to state a cause of action because he was not a party to the various contracts and that Bader has no standing to assert claims of a duty of fair dealing and good faith.

Counter–Plaintiffs counter the motion saying that Bader, as guarantor, may state a claim if Plaintiff/Counter–Plaintiff dealt with Pine Trace, the debtor, in a manner as to harm its interest as guarantor. *Dorsy v. Maryland National Bank*, 334 So.2d 273 (Fla. 3d D.C.A.1976). For the purposes of this motion to dismiss, the Court finds the argument of Counter–Plaintiff's persuasive.

■ In the supplemental motion to dismiss, Plaintiff/Counter–Defendant seeks dismissal of Count I, II, and IV (the Court has concluded that that is what is sought, even though the memorandum states at one point that it seeks dismissal of Counts I, II, and II), as to both counter-plaintiffs, on the basis that the causes of action rely on oral agreements or modifications, which are unenforceable and void under 12 U.S.C. Section 1823(e). Section 1823(e) provides:

> No agreement which tends to diminish or defeat the right, title or interest of the Corporation in any asset acquired by it under this section, either as security for a loan or by purchase, shall be valid against the Corporation unless such agreement (1) shall be in writing, (2) shall have been executed by the bank and the person or persons claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset of the bank, (3) shall have been approved by the board of directors of the bank or its loan committee, and (4) shall have continuously, from the time of its execution, an official record of the bank.

Counter–Plaintiffs assert that Section 1823(e) is applicable only to FSLIC acting in its corporate, rather than receiver, capacity.

The Court, upon due consideration of the motion, response, statute, and cases related thereto, finds that this issue should be resolved in favor of the non-moving parties, the Counter–Plaintiffs. The court in *FDIC v. Fulcher*, 635 F.Supp. 27, 30 (W.D.Tex. 1985), citing *FDIC v. Vogel*, 437 F.Supp. 660, 663 (E.D.Wis.1977), summarized the purpose of Section 1823(e) as follows:

> It is clear that the quoted section operates to insure that the FDIC, when it expends monies entrusted to it to purchase assets of a closed insured bank, can relay on the bank's records and will not be risking an impairment of the assets through an agreement not contained in the bank's records.

The *Fulcher* court stated that Section 1823(e) applies "when the FDIC acts in its corporate capacity, as opposed as a receiver

for a closed insured bank ..." Plaintiff/Counter–Defendant has not alleged that the subject note and mortgage has been purchased in its corporate capacity; rather it alleges that it has been appointed conservator of the same.

In the supplemental motion to dismiss, Plaintiff/Counter–Defendant seeks dismissal of all counts as to Counter–Plaintiff Bader based on his express waiver in paragraph 5 of the guaranty document. The Guaranty is appended to and incorporated in the complaint in this cause at Exhibit L. Paragraph of that document states, in relevant part:

> Guarantors hereby specifically waive any and all defenses to any action or proceeding brought to enforce this Guaranty or any part of this Guaranty, either at law or in equity, except to the single defense that the sum claimed has actually been paid to Lender. Without limiting the foregoing in any way, but merely by way of illustration, Guarantors specifically waive all technical, dilatory or nonmeritorious defenses, and any defenses predicated upon:
>
> (a) Disability on the part of Borrower;
>
> (b) Change or modification in the terms of the Loan;
>
> (c) Indulgence or forbearance in the enforcement of any term of the Loan;
>
> (d) A release of all or any part of the security for the Loan, whether for valuable consideration or otherwise;
>
> (e) Lender's acquiring additional security for the Loan;
>
> (f) The substitution of different security in exchange for all or any part of the original security for the Loan;
>
> (g) The fact that there may be persons other that Guarantors solvent and responsible for the payment of all or any part of the Loan by having assumed such obligation in connection with any transfer of the title to the security for the Loan;
>
> (h) The fact that there may hereafter be another guarantor or other guarantors of all or any part of the Loan; and/or
>
> (i) The full or partial release of the obligations of any one or more of the Guarantors or any other or future guarantors of all or any part of the Loan.

■ A person may waive any legally entitled rights, including rights guaranteed by the Constitution, conferred by statute or secured by contract. 22 *Fla.Jur.2d*, Estoppel and Waiver, Section 86. If the waiver is clear and unambiguous it shall be given intended force and effect. *Central Investment Associates, Inc. v. Leasing Service Corp.*, 362 So.2d 702, 704 (Fla. 3d D.C.A. 1978).

■ Count IV of the complaint in this cause is an action for enforcement of the guaranty executed by Mr. Bader and seeks judgment against Bader for the money due and owing on the promissory note and mortgage guaranteed by Bader. The counterclaim asserts four causes of action: breach of covenant of good faith dealing, fraud, breach of contract, and breach of oral contract.

Pursuant to the Guaranty, if the claims of the counterclaim are no more than defenses to the complaint they may have been waived by Mr. Bader. However, the Court finds that the claims of the counterclaim are independent causes of action which could be pursued by Counter–Plaintiffs in independent court action. Counter–Plaintiffs had a right to bring the causes of action as permissive counterclaims in this action. There is nothing in the Guaranty that could serve as a waiver of Mr. Bader's rights to pursue his independent causes of action against Plaintiff/ Counter–Defendant.

COUNT II

As to Count II of the counterclaim (fraud), Plaintiff/Counter–Defendant contends that the count fails to state a cause of action because it is based on alleged failure to perform a future promise, and, as to Pine Trace, there is no allegation of damage to Pine Trace. As to the latter allegation, the Court has previously addressed the issue and found it persuasive as to Count I. The Court adopts that finding as to Count II also.

 The parties agree that generally a representation or misrepresentation about a future matter does not constitute actionable fraud, but the statement must relate to a past or existing fact. However, as an exception, certain deliberately fraudulent promises may afford grounds for relief. *Steak House, Inc. v. Barnett*, 65 So.2d 736 (Fla.1953). A party may be liable for fraud where the promise or representation was made without intent to perform and another party is induced into a transaction. This is a question for a trier of fact and is not appropriately decided on a motion for summary judgment.

## COUNT III

Again, Plaintiff/Counter–Defendant moves to dismiss Count III, as to Pine Trace, for failure to allege damages. As it has in Counts I and II, the Court finds the motion well-taken.

Count III alleges that Plaintiff/Counter–Defendant failed to give notice of acceleration of the balance of the loan prior to imposition of default interest and that that action was a breach of contract. The motion to dismiss alleges that Count III is defective, as to Mr. Bader, because it fails to allege he suffered damages. The Court agrees with this assessment of the counterclaim.

Further, Plaintiff/Counter–Defendant's supplemental motion asserts that Count III fails to state a cause of action because the loan documents (found at Exhibits A, E, and L) negate the allegations of breach of contract. The loan documents provide that no notice was required to be given prior to acceleration of the entire unmatured principal balance. The Court agrees with the motion to dismiss on the basis stated. The Court has considered the response of Counter–Plaintiffs and does not find it persuasive.

## COUNT IV

The last count of the counterclaim is for breach of oral contract. Plaintiff/Counter–Plaintiff reiterates its argument that the count is defective, as to Pine Trace, for failure to allege damages. The Court, as in Counts I, II, and III, agrees.

## MOTION TO STRIKE AFFIRMATIVE DEFENSES

Firstly, Plaintiff asserts that all twelve (12) affirmative defenses must be stricken as to Mr. Bader because he is not a party to the foreclosure action but merely a guarantor and may not assert affirmative defenses to the foreclosure action. Defendants tender the same argument in this regard as it did to similar allegations in the motion to dismiss Count I. The Court concurs with Defendants.

Next, the motion to strike moves to strike all affirmative defenses for failure to specify which causes of action they are applicable. Defendants in their response assert that the affirmative defenses relate to the complaint in its entirety; therefore, there is no necessity to so identify the relevant causes of action.

Plaintiff moves the Court to strike affirmatives defenses 1, 2, 3, 4, 6, 8, 9, 10, and 11, for failure to set forth a legal defense. An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matters. *Florida East Coast Railway Co. v. Peters*, 73 So. 151 (Fla.1916).

 Every defense, in law or fact, to a claim shall be asserted in the responsive pleading. Rule 12, Fed.R.Civ.P. An affirmative defense should not be stricken where the defense presents a bona fide question of fact. *A.M. Kidder & Co. v. Turner*, 106 So.2d 905, 906 (Fla.1958). The Court finds the affirmative defenses sufficient, except as to defense number 3. The Court finds defense 3 should be stricken as insufficient.

Plaintiff asserts that the twelfth affirmative defense fails to specifically plead waiver. The Court finds the affirmative defense sufficiently pleads the defense of equitable estoppel and should not be stricken as to that defense but should be as to any defense of waiver.

Lastly, Plaintiff seeks the dismissal of defenses 1, 2, 3, 4, 5, 9, and 12, based on the same arguments as presented in the

motion to dismiss based on the application of 12 U.S.C. Section 1823(e). The Court having already resolved this issue in the motion to dismiss finds this portion of the motion should be denied.

## MOTION TO STRIKE DEMAND FOR JURY TRIAL AND SEVER AMENDED COUNTERCLAIM

In this last motion, Plaintiff/Counter–Defendant relies on Section 702.01, Fla.Stat., which provides that:

All mortgages shall be foreclosed in equity. In a mortgage foreclosure action, the court shall sever for separate trial all counterclaims against the foreclosing mortgagee. The foreclosure claim shall, if tried, be tried to the court without a jury.

Defendant/Counter–Plaintiff asserts that Section 702.01 is unconstitutional.

The Court on consideration finds that the part of Section 702.01, which requires the severance of the counterclaim is procedural in nature and, therefore, is not binding on this Court. The motion to sever will be denied. As to the motion to strike the demand for jury trial, the Court will grant, insofar as the foreclosure action will be tried before the Court either without a jury or with an advisory jury, if the Court deems advisable. See, *Walker v. Senn*, 376 So.2d 410 (Fla. 1st D.C.A.1979). The Court will determine at a later date whether or not to bifurcate the trial in this case and try the foreclosure action without a jury or to try the foreclosure action with an advisory jury. Accordingly, it is

ORDERED that the motion to dismiss Counts I, II, III, and IV, of the counterclaim, as to Counter–Plaintiff Pine Trace Corporation, and Count III, as to Counter–Plaintiff Albert Bader, for failure to state a claim for failure to allege damages be granted; the motion to dismiss Count III, as to both Counter–Plaintiffs, with prejudice be granted; in all other respects the motion to dismiss is denied; Counter–Plaintiffs have ten (10) days from the date of this order to file an amended counterclaim to correct the failure to allege damages as to Pine Trace Corporation. Failure to file an amended counterclaim in that time will result in a dismissal of the counterclaim, without further notice, for failure to prosecute. It is further,

ORDERED that affirmative defense number three (3) be stricken; the defense of waiver be stricken from affirmative defense number twelve (12); and in all other respects the motion to strike affirmative defenses be denied. And it is,

ORDERED that the motion to strike the demand for jury trial and to sever amended counterclaim be denied, in part, and granted, in part, as explicated previously in this order.

DONE and ORDERED.