**Jessie JOHNNIE, Plaintiff,**

v.

**NANA DEVELOPMENT CORPORATION, INC., Nana Regional Corporation, and the joint venture a/k/a Chugach Nana/Marriott, Defendants.**

**No. A90–100 Civil.**

United States District Court,
D. Alaska.

Dec. 6, 1991.

Lorreta G. Cieutat, Law Office of William G. Azar, P.C., Anchorage, Alaska, for plaintiff.

Craig Smith, Law Offices of Craig Smith, Seattle, Wash., for defendants.

**ORDER**

HOLLAND, Chief Judge.

This matter had been referred to the United States Magistrate Judge for pretrial case development. In due course the magistrate judge took up the plaintiff's motion for partial summary judgment. Upon completion of briefing the magistrate judge rendered a report and recommendation and solicited objections. Objections were received and considered. The magistrate judge has now filed his final recommendation. The magistrate judge concludes that plaintiff's motion for partial summary judgment should be denied and that the case should be dismissed for lack of subject matter jurisdiction.

Having fully considered the matter, the court concurs in the final report and recom-

mendation of the United States Magistrate Judge. The facts as developed in the course of considering plaintiff's motion for partial summary judgment amply demonstrate that there is no basis for federal court jurisdiction. The Clerk of Court shall enter judgment dismissing plaintiff's complaint without prejudice.

## REPORT AND RECOMMENDATION

### (PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT)

JOHN D. ROBERTS, United States Magistrate Judge.

The court has now before it a motion by the plaintiff seeking summary judgment on entitlement to seamen's remedies of maintenance and cure, wages until the end of the voyage, and damages for failure to pay maintenance and cure. (docket No. 52). The motion is opposed by the defendant. (docket No. 55). Oral argument has not been requested and the court does not deem it necessary to the disposition of the motion.

Before addressing the instant motion, the court first sets forth the standard for granting a summary judgment motion. Rule 56(c) of the Federal Rules of Civil Procedure, provides in relevant part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

In deciding a motion for summary judgment the court views the evidence and the inferences therefrom in the light most favorable to the non-moving party. *Levin v. Knight*, 780 F.2d 786, 787 (9th Cir.1986). Three United States Supreme Court cases have clarified what a non-moving party must do to withstand a summary judgment motion. As explained by the Ninth Circuit in *California Architectural Building Products, Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir.1987):

> First, the Court has made clear that if the non-moving party will bear the burden of proof at trial as an element essential to proof at trial as to an element essential to its case, and that party fails to make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element, then summary judgment is appropriate. *See Celotex Corp. v. Catrett* [477 U.S. 317], 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). Second, to withstand a motion for summary judgment, the non-moving party must show that there are "genuine factual issues that properly can be resolved only by a finder of fact *because they may reasonably be resolved in favor of either party.*" *Anderson v. Liberty Lobby, Inc.* [477 U.S. 242], 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) (emphasis added). Finally, if the factual context makes the non-moving party's claim *implausible*, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

## FACTS

In the case presently before the court, the plaintiff worked on board the vessel USS CLEVELAND at the time of her alleged injury.[1] Her job on board the Cleveland was related to catering services for oil spill workers. The plaintiff ate, slept, and worked on board the vessel. The United States Navy provided full officer and crew compliments to the vessel, and it is undisputed that the plaintiff did not perform any function relating to the navigation of the ship. Her sole job was to prepare food for oil spill workers. The vessel was made available by the United States Navy to house and feed workers engaged in cleaning up the oil spill in Prince William Sound.

---

1. The plaintiff also worked on the USS JUNEAU and USS OGDEN. Her stint on the USS CLEVELAND was in between the time she worked on the JUNEAU and OGDEN. In all three instances she was employed by defendant Chugach Nanana/Marriot.

## DISCUSSION

■ The court need not address facts beyond those stated above. This action is brought under to the Jones Act (46 U.S.C.App. § 688 et seq.). This motion, indeed this case, is properly disposed of on the threshold issue of whether or not the plaintiff was a "seaman" for purposes of Jones Act recovery. Under the facts of this case, the requisite status of the plaintiff as "seaman" is absent.

Recently, the Supreme Court enunciated a test for determining whether or not an employee is a "seaman" under the Jones Act. In *McDermott Intern., Inc. v. Wilander*, — U.S. —, 111 S.Ct. 807, 817, 112 L.Ed.2d 866 (1991) Writing for the court Justice O'Connor articulated the test as follows:

> The key to seaman status is employment related connection to a vessel in navigation. We are not called upon here to define this connection in all details, but we hold that a necessary element of that connection is that a seaman perform the work of a vessel. See *Maryland Casualty Co. v. Lawson*, 94 F.2d 190, 192 (CA5 1938) ("There is implied a definite and permanent connection with the vessel, an obligation to forward her enterprise"), cited approvingly in *Norton [v. Warner Co.]*, 321 U.S. [565], at 573, 64 S.Ct. [747], at 751 [88 L.Ed. 931] [1944]. In this regard, we believe the requirement that an employees duties must "contribut[e] to the function of the vessel or to the accomplishment of its mission" captures well an important requirement of seaman status. It is not necessary that a seaman aid in navigation or contribute to the transportation of the vessel, but a seaman must be doing the ship's work.[2]

The question presented in the instant case is whether or not the plaintiff's duties could be said to have "contribute[d] to the function of the vessel or to the accomplishment of its mission". In order to answer this question it necessary to identify two things. First, what was the mission of the vessel? Second, what were the plaintiff's duties? The latter question is readily answered. As discussed above, the plaintiff was engaged in the preparation of food for oil spill workers. Clearly, this did not constitute a contribution to the "function of the vessel".

The facts presented leave the court to craft the following definition of the mission of the USS CLEVELAND. The mission of the CLEVELAND was to provide sleeping quarters and working space for persons connected with the oil spill cleanup.

The working space provided included the area where the plaintiff was injured while engaged in her food preparation duties. In no way did the mission of the vessel include actual oil spill activities or oil spill support activities such as the preparation of food for oil spill workers. Rather, the vessel's mission was to serve as the functional equivalent of a floating hotel. The plaintiff's duties, however, were not at all connected with the vessel's mission of being a "floating hotel". Her duties as an employee of the defendants were directly related to the feeding of oil spill workers, completely without connection to the vessel's mission. Thus, the plaintiff was not doing the ship's work. Therefore, she was not a "seaman" for purposes of recovery under the Jones Act.

## CONCLUSION

■ For the foregoing reasons the Magistrate Judge hereby recommends that the plaintiff's motion for partial summary judgment be denied. Furthermore, while the question of whether or not a person is a "seaman" is often a factual question, if the law will reasonably support only one conclusion there is no need for a jury to make

---

**2.** *McDermott* does not eliminate the requirement that in order to have the status of "seaman" the employee must be either permanently assigned to the vessel or perform a substantial amount of her work aboard the vessel. *Palmer v. Fayard Moving and Transp. Corp.*, 930 F.2d 437, 439 (5th Cir.1991); *Olene v. Otto Candies,* *Inc., et al.,* A90–213 Civil at p. 6–7 (Dist.Ak. 1991); *Folse v. Western Atlas Intern., Inc.,* 580 So.2d 482, 483 (La.App. 4 Cir.1991), *reversed on other grounds,* 593 So.2d 341 (La.1992). This does not present an issue in the instant case because the plaintiff performed all of her work aboard the vessel.

a factual determination. *McDermott Intern. Inc.*, 111 S.Ct. at 818. Here, the only reasonable conclusion the law will support is that the plaintiff was not a "seaman". Therefore, it is further recommended that the court dismiss this case for lack of subject matter jurisdiction because it cannot be maintained as a Jones Act action.

DATED at Anchorage, Alaska, this 1st day of November, 1991.