**Constantios ANTONIOU, Plaintiff,**

v.

**THIOKOL CORPORATION GROUP LONG TERM DISABILITY PLAN (PLAN NO. 503), Defendant.**

**No. 93–285–CIV–T–17B.**

United States District Court,
M.D. Florida,
Tampa Division.

Aug. 6, 1993.

**1324**

Denise Elaine Vaughan, Wagner, Vaughan & McLaughlin, P.A., Raymond T. Elligett, Jr., Schropp, Buell & Elligett, P.A., Tampa, FL, for plaintiff.

Charles W. Pittman, Macfarlane Ferguson, Tampa, FL, for defendant.

### ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, MOTION TO STRIKE AFFIRMATIVE DEFENSES

KOVACHEVICH, District Judge.

This case before the Court on Plaintiff's motion for partial summary judgment, Docket # 7, filed April 2, 1993, and Defendant's response, Docket # 13, filed May 11, 1993. For the following reasons, the motion for partial summary judgment is denied and the motion to strike affirmative defenses is denied.

This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of the genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the non-moving party. *Sweat v. The Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant*, 595 F.2d 994, 996–97 (5th Cir.1979), quoting *Gross v. Southern Railroad Co.*, 414 F.2d 292 (5th Cir.1969).

The Supreme Court of the United States held, in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986),

> In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322, 106 S.Ct. at 2552, 91 L.Ed.2d at 273.

The Court also said, "Rule 56(e) therefore requires the non-moving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. at 2553, 91 L.Ed.2d at 274.

### FACTUAL SETTING

The plaintiff, Constantios Antoniou ("Antoniou"), was employed as a cook aboard a ship and covered by the defendant Disability Plan, Morton Thiokol Group ("Morton") as a cook aboard a ship. As a result of that employment Antoniou was injured and filed suit against his employer.

Antoniou and his wife settled their Jones Act case against Morton for a lump sum and executed a release. The release, signed in April, 1991, specifically indicated that they were releasing the vessel and its underwrit-

ers, and his employer, but does not refer to the disability plan. At the time of this signing, Antoniou was receiving long term disability payments from the plan. The plaintiff continued to receive disability payments until December 1991, when Morton refused to continue disability payments.

Upon discontinuation of disability benefits, Antoniou sued. Morton has asserted two affirmative defenses. It first alleges it is entitled to offset the full $150,000.00 previously paid against benefits due under Antoniou's disability plan. Second, Morton argues any claim for benefits was released by Antoniou's release to the tortfeasor in the Jones Act cause.

## DISCUSSION

■ The motion for summary judgment turns on two issues. The first issue is whether Plaintiff, by signing a release, relinquished his disability benefits or the disability insurer. The answer to this issue is governed by whether Plaintiff was a "seaman" entitled to the benefits of the federal admiralty law.

■ To grant a summary judgment there must be no evidentiary basis by which reasonable persons, in applying the legal standard, could differ. The legal standard was set forth by the Supreme Court in *McDermott Intern., Inc. v. Wilander*, 498 U.S. 337, 111 S.Ct. 807, 112 L.Ed.2d 866 (1991). The Supreme Court, in determining whether it was necessary for an employee to participate in the navigation of a vessel to qualify as a crew member under the Jones Act, set forth a test to determine whether an employee of a vessel was a "seaman" and therefore entitled to the benefits under the Jones Act. In *McDermott Int'l*, the Supreme Court held the following:

> The key to seaman status is employment related connection to a vessel in navigation.... In this regard, we believe the requirement that an employee's duties must "contribute to the function of the vessel or to the accomplishment of its mission" captures well an important requirement of seamen status. It is not necessary that a seaman aid in navigation or contribute to the transportation of the vessel, but

a seaman must be doing the ship's work. *Id.* at 355, 111 S.Ct. at 817.

Once the *McDermott* Court determined the legal standard that was to be applied, it further stated that the application of this test was a question of fact. "If reasonable persons, applying the proper legal standard, could differ as to whether the employee was a member of a crew, it is a question for the jury." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–251, 106 S.Ct. 2505, 2511–2512, 91 L.Ed.2d 202 (1986)).

The Supreme Court reiterated the need for a determination of facts in deciding the status of a crew member in *Southwest Marine Inc. v. Gizoni*, —— U.S. ——, 112 S.Ct. 486, 116 L.Ed.2d 405 (1992). In *Gizoni* the district court granted a summary judgment motion, precluding the plaintiff from making a showing that he qualified as a seaman under the Jones Act. The Supreme Court stated this determination will depend on the vessel and the employee's relation to the vessel. *Id.*, at ——, 112 S.Ct. at 491–92, 116 L.Ed.2d at 415, citing *McDermott Int'l Inc.*, 498 U.S. 337, 111 S.Ct. 807. The Court went on to hold that "if reasonable persons, applying the proper legal standard, could differ as to whether the employee was a member of a crew, it is a question for the jury." *Gizoni*, —— U.S. at ——, 112 S.Ct. at 494, 116 L.Ed.2d at 418.

■ There can only be a determination, as a matter of law, that a plaintiff does not qualify as a seaman when there is no evidentiary basis for a different finding. However, "[w]hen conflicting inferences may be drawn from undisputed underlying facts, ... the determination of whether an individual is a seaman must be made by the fact finder." *Stanley v. Guy Scroggins Construction, Co.*, 297 F.2d 374, 376 (5th Cir.1961), citing *Offshore Co. v. Robison*, 266 F.2d 769, 780 (5th Cir.1959), 75 A.L.R.2d 1296. In the current case, this Court must determine what the mission of the ship was, and whether Antoniou, a chef, was a necessary part of that mission. This is a question of fact which the jury must decide. Therefore, the motion for partial summary judgment should be denied.

Defendants, in citing *Johnnie v. Nana Development Corp., Inc.*, 780 F.Supp. 669

(D.Alaska 1991), ask this Court find that, as a matter of law, based on the job title of an individual, Plaintiff be precluded from the benefits granted to a seaman. In *Johnnie*, Plaintiff served as a cook aboard a ship that was used to provide sleeping quarters for the oil spill workers. The district court held, applying the *McDermott* test, that Plaintiff did not qualify as a "seaman". That court reasoned that feeding the oil spill workers was not directly connected to serving as a floating hotel for the oil spill workers. The district court, in citing *McDermott*, stated that there was no issue of fact for the jury to decide because the law would support only one conclusion.

■ In the case at hand, Antoniou served as a food preparer aboard a ship that was on a retrieval mission for NASA. Although Antoniou did not aid directly in accomplishing the mission of the vessel, whether the necessity of food, and the people who prepare it, directly contribute to completing the mission of the ship, is a question of fact. If the Court found that a food preparer, because of his integral part in maintaining the crew, does "contribute to the function of the vessel or to the accomplishment of its mission" then Antoniou would qualify under the Jones Act. If Antoniou is determined to qualify for the benefits of the Jones Act and federal maritime law then his release will only be effective against those whom he intended to release. *Cates v. U.S.*, 451 F.2d 411, 416 (5th Cir, 1971). If it is determined that Antoniou does not qualify under the test set forth in *McDermott*, then he will not be able to benefit from the above stated rules. Therefore, since there is a question for the jury to decide, the Court denies the motion for partial summary judgment on the grounds that Plaintiff did not release his benefits by the signed settlement. The second issue focuses on whether the disability plan states that the long term disability benefits would be offset by any other benefits recovered by the employee. This determination would be governed by the terms of the plan. However, there is a conflict between the terms of the plan document and the plan summary.

Antoniou contends that he did not have notice that by entering into a settlement with his employer, his long term disability payments would be offset by the amount he received. The plan summary which was provided to Antoniou did not mention that recoveries from Jones Act claims, nor any recoveries, would be used to offset the benefits of the plan.

Defendant Morton argues that the language in the plan document gives Antoniou notice, and clearly indicates that any recovery from "other benefits provided or required by law" will be used to offset the long term disability benefits.

The conflict between the language of the plan document and the plan summary gives rise to a question of reliance. In *Branch v. G. Bernd Co.*, 955 F.2d 1574 (11th Cir.1992), the Eleventh Circuit held that "to prevent an employer from enforcing the terms of a plan that are inconsistent with those of the plan summary, a beneficiary must prove reliance on the summary." *Id.* at 1579. Therefore, according to *Branch*, the Court must deny the motion for partial summary judgment.

## MOTION TO STRIKE AFFIRMATIVE DEFENSES

The defense has two affirmative defenses. The first is that the language in the disability plan document allows the plan to offset its pay out with monies received by the employee for his disability. In the second, the defense argues that the claim for benefits were relinquished under the release signed by Antoniou and his wife. Plaintiff moves for this court to strike the defense's two affirmative defenses.

"An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegation of excuse, justification or other negating matters." *Royal Palm Savings Assn. v. Pine Trace Corp.*, 716 F.Supp. 1416, 1420 (M.D.Fla.1989) citing *Fla. East Coast Railway Co. v. Peters*, 73 So. 151 (Fla.1916). "An affirmative defense should not be stricken where there is a bona fide question of fact." *Id.* at 1420 citing *A.M. Kidder & co. v. Turner*, 106 So.2d 905, 906 (Fla.1958). "The standard that must be met is undisputed: only if a defense is insufficient as a matter of law will it be stricken." *An-*

*chor Hocking Corp. v. Jacksonville Electric Authority,* 419 F.Supp. 992, 1000 (M.D.Fla. 1976) citing *Systems Corp. v. AT & T Co.,* 60 F.R.D. 692 (S.D.N.Y.1973); *Carter–Wallace, Inc. v. Riverton Labs, Inc.,* 47 F.R.D. 366, 367–68 (S.D.N.Y.1969).

Defendant's affirmative defenses, for reasons stated above give rise to questions of fact that the jury will need to determine. Therefore, according to the standards set forth by this Court the Motion to Strike shall be denied.

Accordingly it is

**ORDERED** that Plaintiff's motion for partial summary judgment be denied as there is a question of fact for the jury to decide upon.

**ORDERED** that Plaintiff's motion to strike affirmative defenses be denied as they are not invalid as a matter of law.

**DONE AND ORDERED.**